**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

WILLIE HARRIS,

               Petitioner - Appellant,

   v.

SCOTT M. KERNAN,

               Respondent - Appellee.

No. 10-55628

D.C. No. 2:05-cv-08676-SVW-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 4, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

    Petitioner-Appellant Willie Harris appeals the district court's denial of his

28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his conviction of

first degree murder, possession of a firearm by a felon, and evading an officer.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Harris contends that his trial counsel provided ineffective assistance by (1) failing to object to prosecutorial argument that commented on Harris' failure to testify in violation of *Griffin v. California*, 380 U.S. 609, 615 (1965), and (2) misstating the facts during closing argument. He argues that the California Court of Appeal's decision to deny habeas relief on the ineffective assistance of counsel claim was based on an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

1. The California Court of Appeal reasonably concluded that the prosecutor's comments addressed the failure of defense counsel to introduce material evidence or call witnesses, and did not call attention to Harris' failure to testify. *See Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006) ("[A] prosecutor's indirect comment violates *Griffin* only 'if it is manifestly intended to call attention to the defendant's failure to testify, and is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.'" (quoting *Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987))); *United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991) ("The prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify."); *Rhoades v. Henry*, 598 F.3d 495, 511 (9th Cir. 2010) (finding that "[a] natural reading of the prosecutor's

2

comment is not that the defendant didn't testify, but that there was no meaningful challenge to the government's evidence"). Accordingly, the California Court of Appeal concluded that Harris' defense counsel was not ineffective for failing to make a *Griffin* objection. *See Juan H. v. Allen*, 408 F.3d 1262, 1273–74 (9th Cir. 2005) (finding that "performance of counsel did not fall below an 'objective standard of reasonableness' on account of not raising [a] meritless objection" (citation omitted)). Its decision was neither objectively unreasonable nor an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1), (d)(2).

2. In addition, the California Court of Appeal did not apply *Strickland* in an objectively unreasonable manner or rest its decision on an unreasonable determination of the facts in rejecting Harris' claim that defense counsel misstated certain facts in closing argument. *See* 28 U.S.C. § 2254(d)(1), (d)(2). Defense counsel's remarks may reasonably be construed as argument—not objective summation of the evidence—aimed at casting doubt on the credibility of the prosecution's witness and clarifying the defense's theory of the case. Thus, the California Court of Appeal reasonably concluded that defense counsel's closing remarks did not amount to ineffective assistance. *See Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) ("A court considering a claim of ineffective assistance must

apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." (quoting *Strickland*, 466 U.S. at 689)); *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (noting that there is a "strong presumption that [counsel acted] for tactical reasons rather than through sheer neglect" (citing *Strickland*, 466 U.S. at 690)).

**AFFIRMED.**